IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JACQUELINE D. KEMPF,

        Plaintiff,

*vs.*                                Case No. 1:19-cv-00127

TRI-STATE ADJUSTMENTS, INC.,

        Defendant.

**COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, JACQUELINE D. KEMPF, against Defendant, TRI-STATE ADJUSTMENTS, INC. ("TRI-STATE"), based on the following:

## I.    PRELIMINARY STATEMENT

1. Plaintiff brings this action for the illegal practices of Defendant when attempting to collect an alleged debt from her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but are nonexclusive and do not limit the general application of each Section's broad prohibitions.

5. When the collection process starts, the FDCPA requires debt collectors to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

6. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

7. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

8. A single FDCPA violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

9. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

10. Plaintiff seeks such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

11. Plaintiff is a natural person.

12. At all times relevant to this lawsuit, Plaintiff was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

13. TRI-STATE is a for-profit corporation formed under the laws of the State of Wisconsin.

14. On information and belief, TRI-STATE maintains its principal place of business at 3439 East Avenue S, La Crosse, Wisconsin.

15. TRI-STATE's registered agent and office is Rhonda R. Helgeson, N401 Lemke Road, Coon Valley, Wisconsin 54623-8330.

## III. JURISDICTION & VENUE

16. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS RELATING TO TRI-STATE

18. TRI-STATE regularly engages in the collection of defaulted consumer debts.

19. TRI-STATE regularly collects or attempts to collect debts alleged to be owed others.

20. TRI-STATE is a business the principal purpose of which is the collection of defaulted consumer debts.

21. In attempting to collect debts, TRI-STATE uses the mails, telephone, the internet, and other instruments of interstate commerce.

### V. FACTS RELATING TO PLAINTIFF

22. TRI-STATE mailed or caused to be mailed Plaintiff a letter dated January 23, 2018 ("Letter").

23. A true and correct copy of the Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted the Letter.

24. The Letter alleged Plaintiff had incurred and defaulted on a financial obligation ("Debt").

25. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

26. The Letter was TRI-STATE'S first written communication to Plaintiff attempting to collect the Debt.

27. The Debt arose from the provision of medical services.

28. In Wisconsin, interest on medical debt accrues at 5% per year.

29. The Letter does not disclose that the Debt is increasing.

30. The Letter does not identify the name of the creditor to whom the Debt is owed.

31. The Letter states: "This Account has been listed with our office for collection."

32. It is not clear who listed the Account with TRI-STATE for collection.

33. The Letter states, "If paid in full to this office all collection activity will stop."

34. The statement, "If paid in full to this office all collection activity will stop" is false, deceptive, and misleading because it suggests to unsophisticated consumers that the *only* means to stop TRI-STATE's collection activity, such as phone calls or future letters, was to pay the Debt in full.

35. Under the FDCPA, at 15 U.S.C. § 1692c(c), a consumer has the right to notify a debt collector in writing to cease further communication.

36. Under the FDCPA, at 15 U.S.C. § 1692g(b), a debt collector must cease all collection activity—which includes placing telephone calls and sending letters to the consumer—beginning when a consumer, in writing and within thirty days after receipt of the notice required under 15 U.S.C. § 1692g(a), disputes the debt or requests the name and address of the original creditor and ending when the debt collector mails either verification of the debt or the name and address of the original creditor.

37. Letter deprived Plaintiff of truthful, non-misleading, information in connection with TRI-STATE's attempt to collect a debt.

## VI. CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

39. TRI-STATE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

40. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

41. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

42. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

43. The use and mailing of *Exhibit A* by Defendant in an attempt to collect the Debt violated the FDCPA in one or more following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (b) Engaging in collection activities or communications which contradict, overshadow, or were inconsistent with the consumer's right to dispute the debt or request the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

## VII. PRAYER FOR RELIEF

44. WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    (a) An award of actual damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1) to the extent to the recovery of reasonable attorneys' fees and costs cause her negative tax consequences;

    (b) An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2);

    (c) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    (d) For such other and firther relied as may be just and proper.

## VIII. JURY DEMAND

45. Trial by jury is demanded on all issues so triable.

|                              |                                              |
|------------------------------|----------------------------------------------|
| Dated: January 23, 2019      | *s/Andrew T. Thomasson* |

                                          *Andrew T. Thomasson*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
    *Attorneys for Plaintiff, Jacqueline D. Kempf*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com